IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHNNY J. JOHNSON,

                Plaintiff,

      -vs-

NATIONAL RAILROAD
PASSENGER CORPORATION,

                Defendant.

Case No. 3:06 CV 1571

<u>T R I A L</u>

<u>O R D E R</u>

KATZ, J.

IT IS ORDERED AS FOLLOWS:

1. This case is scheduled for jury trial on **OCTOBER 30, 2007** at 9:00 a.m.

Since this case may be scheduled to commence on the same day as another case, it is the responsibility of counsel to keep in contact with the Judge's secretary concerning the exact date and time of trial.

FAILURE OF COUNSEL TO COMPLY IN GOOD FAITH WITH THE FOLLOWING PROCEDURE COULD RESULT IN THE IMPOSITION OF SANCTIONS.

**<u>WITNESS DISCLOSURE</u>**

2.     Counsel shall disclose witnesses to testify at trial no later than thirty (30) days

prior to trial.  Any witness not disclosed shall be prohibited from testifying at trial.

## UNDISPUTED FACT STIPULATION

3. Counsel for the plaintiff shall prepare and submit to opposing counsel by **OCTOBER 2, 2007** a proposed stipulation as to undisputed facts for use at trial, and for submission to the jury in the event of a jury trial.  Opposing counsel shall add to and note disagreement, if any, with the proposed stipulation and so notify counsel for the plaintiff as to proposed additions, deletions, or objections by **OCTOBER 9, 2007.**  Counsel shall then meet and put in final form the stipulation as to undisputed facts, reserving any objections as to relevancy, and submit the signed stipulation to the Court by **OCTOBER 16, 2007.** The final stipulation is intended to expedite the fact-finding process at trial.  Copies of the stipulation, in most cases, will be submitted to the jury in all jury trials. Only the final agreed upon stipulation should be filed with the court. Copies of any documents to which the parties have stipulated should be appended to the stipulation.

## TRIAL BRIEFS

4. Complete trial briefs and motions in limine, if any, shall be filed by **OCTOBER 16, 2007**.  A complete trial brief includes: (a) <u>a statement of the facts</u>; (b) <u>a discussion of the controlling law</u>; (c) <u>a list of proposed witnesses along with a brief description of the subject matter of the testimony of each witness</u>; (d) <u>an index of all proposed exhibits containing a brief description of each exhibit</u>; and (e) <u>a discussion of any evidentiary issues likely to arise at trial</u>.

5. In a jury case, **trial briefs** also shall **include** any **proposed voir dire questions** and any **proposed jury instructions**.  The Court will conduct the voir dire examination of the jury, and may supplement same with brief examination by counsel.

<u>Counsel are required to exchange trial brief with opposing counsel.</u>

6. ABSENT A SHOWING OF GOOD CAUSE, WITNESSES NOT LISTED IN THE TRIAL BRIEF SHALL NOT TESTIFY AT TRIAL, AND EXHIBITS NOT LISTED IN THE TRIAL BRIEF SHALL NOT BE INTRODUCED AT TRIAL. THIS RULE APPLIES TO LAY WITNESSES AND EXPERT WITNESSES.

## **VIDEOTAPE DEPOSITIONS**

7. Use at trial of videotape deposition is encouraged. The parties are specifically directed to comply with the provisions of Local Rule 32.1. In addition, when videotape depositions will be presented in lieu of live trial testimony, counsel must file with the Court a complete written transcript of the videotape deposition prior to its use.

## **EXHIBITS**

8. <u>A copy of all exhibits shall be furnished to the Court no later than **two (2) working days before the trial date**</u>. There is no need to <u>file</u> the exhibits with the Clerk of Courts, rather they may be delivered directly to the Judge's chambers. The copy is for the Court's use. <u>The original exhibits should be retained by counsel to be introduced at trial.</u>

9. Counsel shall exchange copies of all exhibits and exhibit indexes no later than two (2) working days before the trial date.

10. Exhibits must be marked <u>before trial</u> with exhibit stickers, which are available from the clerk's office on request. The plaintiff shall mark exhibits with numbers and the defendant shall mark exhibits with letters. Both sides are to indicate the <u>case number</u> on the bottom portion of the exhibit sticker. If there are multiple parties, the party's last name should precede the numbers or letters (<u>i.e.</u>, "Miller-1" or "Jones-A"). If the defendant has more than 26 exhibits,

double letters shall be used (i.e., AA, BB, CC, etc.).

11.  The Court encourages and strongly recommends that counsel place exhibits in three-ring looseleaf binders/notebook, with appropriately marked divider tabs and a table of contents at the front.

12. Counsel shall contact Cindy Reynolds, Courtroom Deputy (419) 213-5715  as soon as practicable in the event they intend to utilize electronic presentation of evidence during trial to determine the need for training in the use of courtroom equipment.

13.  In the event that counsel intends to utilize advanced video technology such as a Power Point presentation during the trial, counsel must provide, both to opposing counsel and to the Court, its presentation in either compact disk or 3.5" disk form no later than the time the trial brief is to be filed.

## NON-JURY CASES

14.  In non-jury cases, counsel shall submit in writing what they believe to be the issues in the case no later than **two (2) working days before the trial date**.

15.  In all non-jury cases, filing of proposed findings of fact and conclusions of law shall be set at the final pretrial.

(Counsel are not required to exchange proposed findings of fact and conclusions of law with opposing counsel).

## SPECIAL INSTRUCTIONS TO COUNSEL

16.  If counsel have any special needs regarding demonstrative evidence *i.e.* video equipment, they must contact the Clerk of Court to make arrangements at least **one week prior to trial**.

17. If the parties reach a settlement in the case, counsel are directed to notify the Judge's office immediately.  FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF

SANCTIONS in the event the Court or the Court's law clerks spend time resolving pending motions after the failure to notify regarding settlement.

18. Counsel are required to remain in the proximity of the courtroom during jury deliberations. If counsel need to leave the immediate area, they must notify the Judge's office of where they can be located.

19. Post-trial contact with jurors shall be initiated through the Court. Counsel may prepare correspondence to the jurors which should first be mailed to the Court for review. The Court will then direct the Clerk's office to forward the letter(s) to the jurors.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE